# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS JONES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 25-cv-2137-AB** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Defendants City of Philadelphia, Carney, Butler, and Rose's Motion to Stay Default Judgment Against Ivory Cousins, and any responses thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED.** It is **FURTHER ORDERED** that entry of default judgment be **STAYED** until the conclusion of the litigation of claims against the City of Philadelphia.

**BY THE COURT**:

_____
Anita B. Brody, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEMETRIUS JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 25-cv-2137-AB** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT CITY OF PHILADELPHIA'S
## MOTION TO STAY ENTRY OF DEFAULT JUDGMENT

Defendants City of Philadelphia, Carney, Butler, and Rose ("Moving Defendants") hereby move to stay the entry of default judgment against co-defendant Ivory Cousins, pursuant to Federal Rule of Civil Procedure 54(b). In support of this motion, the moving defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully requests the Court order the stay or grant such relief the Court deems just.

Date:  October 21, 2025

Respectfully submitted,

*/s/ Emily M. Hoff*
Emily M. Hoff
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DEMETRIUS JONES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 25-cv-2137-AB** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT CITY OF PHILADELPHIA'S
## <u>MOTION TO STAY ENTRY OF DEFAULT JUDGMENT</u>

Defendants City of Philadelphia, Carney, Butler, and Rose move to stay entry of default judgment against its co-defendant Ivory Cousins, pursuant to Federal Rule of Civil Procedure 54(b) and *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), as the City's liability is premised on Cousin's liability, and the entry of judgment prior to the adjudication of the City's liability prejudices the City's ability to present its own defenses.

## I.    BACKGROUND

Plaintiff Demetrius Jones has brought suit pursuant to allegations that, while incarcerated at Curron Fromhold Correctional Facility ("CFCF"), on August 29, 2019, he was victim to physical assaults by other inmates. Compl., ECF No. 1 at ¶ 9. After the attack, Plaintiff was locked in his cell where he was first denied

medical treatment for several hours then subjected to a second assault by Cousins. *Id*. at ¶¶ 10-12. Plaintiff avers that Cousins directly caused the attacks and prohibited Plaintiff from receiving medical care. *Id*. Plaintiff avers that Defendants Carney, Butler, and Rose knew Plaintiff's safety was at risk due to the prison's understaffing. *Id*. at ¶¶ 19-20.

Plaintiff filed the instant complaint on April 29, 2025. *See*, *gen.*, *id*. Plaintiff apparently served Cousins on September 24, 2025. *See*, Cousins Return of Service, ECF Doc. No. 19. To date, no Answer has been filed by Defendant Cousins. On October 16, 2025, the Court ordered Defendant Cousins to file a response on or before October 22, 2025,[1] or risk default judgment against her. Order, ECF Doc. No. 20.

## II.    ARGUMENT

A court decides to stay a case in its discretion if the interests of justice require it. *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998).

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no justice reason for delay." Fed. R. Civ. Proc. 54(b). The

---

[1] While Defendant Cousins's deadline has not lapsed, Moving Defendants file the instant motion out of an abundance of caution.

law encourages adjudication of cases on their merits and disfavors defaults. *See*

*Abulkhair v. Office of Attorney Ethics*, 753 F. App'x 132, 134 (3d Cir. 2018).

> Supreme Court case law
>
> stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (reversing

entries of default judgment) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552

(1872)).

Consistent with the language of Rule 54(b), the District Court of Maryland

observed that Fourth Circuit courts "deny[] default judgment where the

defendants' liability is premised on the same facts or causes of action." *See Grim v.*

*Baltimore Police Dep't*, No. ELH-18-3864, 2019 WL 58655561, at *30 (D. Md.

Nov. 8, 2019). The *Grim* court observed that the 1983 case presented "the very

type of default judgment that *Frow* prohibits," inasmuch as the supervisory

liability claims not subject to default were allegedly liable "because their deliberate

indifference to or ignorance of a widespread practice" enabled the defaulted

individual defendant to violate the plaintiff's rights. *Id*. at *30.

The City is identically situated as the supervisory defendants in *Grim*.

Plaintiff has alleged the City's "accepted policy, custom, and/or practice of

3

systematically failing to properly train, investigate, supervise, and discipline its employees" allowed employees to violate inmates' Fourth, Eighth, and Fourteenth Amendment rights. Comp. at ¶¶ 75-76. Plaintiff also alleges that Defendants Carney, Butler, and Rose, alleges that these Corrections Employees are liable via a theory of supervisory liability due to their failure to "properly train their officers in the use of force" and their failure to "property supervise Defendant Cousins." *Id*. at ¶ 83, 86; *see also Vargas v. City of Philadelphia*, 785 F.3d 962, 974 (3d Cir. 2015) (requiring an underlying violation resulting from deliberate indifference of municipality for municipal liability to attach). There is no liability against a municipality where there is no underlying constitutional tort by individuals. *See City of Lose Angeles v. Heller*, 475 U.S. 796, 798–99 (3d Cir. 1995).

To be clear, the City is not taking on a position of the merits of judgment against Defendant Cousins. However, because the City's defense lies in part on overcoming proof that Cousin's was liable, default judgment is prejudicial to the City. Default judgment at trial risks foreclosing or at least confusing factual assertions by the City in support of its defense. A stay is appropriate given that Plaintiff is unlikely to be prejudiced by the requested stay, as he would likely seek to fully litigate his claims against the City regardless of Cousins' status.

4

## III.    CONCLUSION

For all the foregoing reasons, the Court should order a stay of entry of default judgment, consistent with the attached proposed order, or grant such other relief the Court deems just.

Date: October 21, 2025                     Respectfully submitted,

                                           */s/ Emily M. Hoff*
                                           Emily M. Hoff
                                           Deputy City Solicitor
                                           Attorney I.D. No. 330859
                                           City of Philadelphia Law Department
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DEMETRIUS JONES,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 25-cv-2137-AB** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendant City of Philadelphia's Motion to Stay Entry of Default Judgment was filed via the Court's electronic filing system and is available for downloading. Additionally, the motion was sent, via regular mail to:

Ivory Cousins, 29578-511
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, Ky 40512

Date: October 21, 2025            Respectfully submitted,

/s/ Emily M. Hoff
Emily M. Hoff
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102